1808.

Amoss
vs
Robinson

---

June

## AMOSS vs. ROBINSON et al.

A R, being indebted, as deputy sheriff and deputy collector, to R A, suits were brought on his bonds as such, and judgments obtained thereon. A few days before the judgments were obtained, A R, conveyed the whole of his real and personal estate to A J and R B, who were sureties for him in the bonds before mentioned. R A filed a bill against A R, A J and R B, charging that the conveyance was fraudulently executed, with intent to deceive and injure him, and though apparently for the consideration of £200, was in truth executed without consideration of money, but intended to guarantee and indemnify A J and R B as sureties in the bonds; that A R retains possession of the property, and has sold a part thereof for his own benefit. Prayer for a disclosure of the trusts, and vacation of the deed, and for general relief. A J, in his answer, stated, that A R was indebted to him for money paid as his surety to other persons, and also indebted to him on open account, and for money lent. *Held* that the real and personal property, and increase, if any, remaining in the hands of A R, A J and R B, or any of them, be sold for the purpose of paying, in the first place, the sum of money due to R A.

APPEAL from a decree of the Court of Chancery. The bill in this case was filed by the present appellant against *Archibald Robinson*, *Abraham Jarrett*, and the administrators of *Ralph Bond*. It stated that the complainant had been sheriff and collector of *Harford* county, and that he appointed *Robinson* one of his deputies, who gave two bonds, one as deputy sheriff and the other as deputy collector, conditioned for the faithful performance of his duties; that in the bond as deputy sheriff, *Jarrett* was his surety, and in that as deputy collector *Ralph Bond* was his surety. That *Robinson* having greatly defaulted in his duty, and being largely in arrear to the complainant, suits were brought on both the bonds, and judgments obtained against him on each bond at March term 1790, for a large sum of money. That *Robinson*, being seized and possessed of considerable real and personal estate, and for the purpose of fraudulently deceiving and injuring the complainant, a few days before the obtention of the judgments against him, conveyed his real estate to *Jarrett* and

*Bond*, in fee simple, apparently and for the pretended consideration of £2C0, when in truth the conveyance was executed without consideration of money, and intended to guarantee and indemnify *Jarrett* and *Bond* as sureties in the said bonds, who have never been damnified, or paid the complainant any thing on account of *Robinson*, but hold and enjoy the real estate, and also the personal property of *Robinson*, also conveyed to them since the judgments, as a further indemnity. That they have permitted *Robinson* to sell part of the personal estate for his own use and benefit, &c." *Prayer* for a disclosure of the trusts, and vacation of the deeds, &c. and for general relief.

The *answers* of the defendants admit that the deeds were executed for the purpose of indemnifying and securing *Jarrett* and *Bond*, as securities for *Robinson*. That *Jarrett* had become *Robinson's* surety to other persons, and he had a claim against him also on an open account, and for money lent, and the conveyances were not only to secure him as surety to the complainant, but also to secure the payment of the money due, or for which he was so answerable, to other persons. That the defendants were ready and willing that the property should be sold, and the proceeds applied to the discharge of the claims due *Jarrett* and *Bond*, and the residue to discharge *Robinson's* debts. The answers also stated, that *Robinson* was prevailed upon to confess judgments upon the terms of all payments and discounts made appear, to be allowed, and which the complainant now refused to allow, and that they can prove, that but a small sum of money, if any, is due on the judgments, upon a fair and just settlement.

*Testimony* was taken under a commission as to the amount due to the complainant, and the account was audited by the auditor, stating the sum of £295 6 8, current money, exclusive of interest, to be due to the complainant, and £148 18 10 current money, exclusive of interest, due to *Jarrett* from *Robinson*.

HANSON, Chancellor, (December term 1804.) When a man becomes security for another, and is answerable for his debt, the chancellor cannot conceive there is any fraud in the principal's conveying property to secure him, and likewise to secure the payment of any advances that may be afterwards made by the security. In short, the chan-

1808.

Amoss
vs
Robinson

cellor does not perceive that the creditor, having taken a surety for his debt, has a right to vacate any conveyance made to the surety by the principal for the purpose of counter security. The situation of the surety would be hard if the rule were otherwise. The circumstance of the sureties afterwards becoming insolvent, supposing that to be fairly a part of the case, which it is not, the chancellor conceives has no effect on the case. But inasmuch as the surety, to whom the conveyance is made, is answerable to the principal, and is to be considered as trustee to the principal for any surplus remaining after the surety is secured, and the law gives a recourse to the equitable interest of a man against whom a judgment has been obtained, the chancellor is of opinion, and it is adjudged, ordered and decreed, that the land conveyed to the defendant, *Abraham Jarrett*, as stated in the bill, be sold for the purpose of paying, in the first place, the debt due from *Robinson* to *Jarrett*, and then to discharge the debt due to the complainant; the said debts being established, or to be established, by this court. That *John Moores*, esquire, be and he is hereby appointed trustee for making sale, &c. From this decree the complainant appealed to this court.

The cause was argued before POLK, BUCHANAN, and NICHOLSON, J. by

*Ridgely*, *Key* and *T. Buchanan*, for the Appellant; and by

*Johnson*, (Attorney General) for the Appellees.

THE COURT *reversed* the decree of the court of chancery, with costs; and decreed that the land and personal property conveyed to *Jarrett* and *Bond*, by *Robinson*, in the bill of complaint, together with the increase, if any, of the personal property which remained in the hands of the appellees, or any of them, be sold under the direction of the court of chancery, for the purpose of paying, in the first place, the debt due from *Robinson* to the appellant, amounting to the sum of £512 12 11, current money, adjudged and decreed by this court to be due to the appellant, with interest from the 7th of July 1808, until paid, and also the complainant's costs in the court of chancery. Also decreed, that the chancellor appoint a trustee for the purpose of making sale of the said real and personal property, and that the course and manner of

his proceedings shall be pursuant to the directions of the chancellor in that respect; and also that the chancellor pass such order and decree in the premises as may be necessary for carrying this decree into full effect.

DECREE REVERSED.